IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RYAN R. KING                                                                    PLAINTIFF

v.                                        Civil No. 6:26-cv-06012-SOH

OFFICER CASTANEDA and
OFFICER MORPHEW                                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  (ECF No. 3).  The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A and is ready for disposition.

### I.      BACKGROUND

Plaintiff, Ryan King ("King"), filed his Complaint and *in forma pauperis* ("IFP") application on February 10, 2026, alleging constitutional violations arising under 42 U.S.C. § 1983.  (ECF Nos. 1, 2).  King alleges that Officer Morphew detained him on July 27, 2023, for more than 15 minutes without reasonable suspicion.  (ECF No. 1).  As retaliation for King refusing to identify himself, he asserts that Officer Castaneda arrested him.  He further alleges that he overheard a telephone conversation during which Officer Castaneda told his supervisor that he could not arrest King for breaking a no contact order.  Officer Castaneda then returned to the Plaintiff and offered him one additional chance to identify himself.  When King refused, the officer cuffed him and placed him in the backseat of his patrol car.  Thereafter, King claims that Officers

1

Castaneda and Morphew conspired to and tampered with the witness to have him say he was afraid. King was then charged with obstructing governmental operations and harassment. Although the officers said they used computer software to identify King, he maintains they only identified him from his identification inside his wallet.

King also alleges widespread corruption, stating that Judge Switzer charged him with violating a no contact order from the bench. He claims his jury trial was a "sham" and that Judge Gibson would not let him ask questions, give testimony, or present evidence. Further, King alleges that the Judge called him "Rodney King" and yelled at him in front of the jury.

The Court has reviewed King's state cases.[1] In April 2023, King was charged with assault in the first degree, refusal to submit to arrest, public intoxication, and disorderly conduct in the Garland County District Court. *See State of Arkansas v. Ryan King*, HTC-23-2154. On April 7, 2023, a no contact order was issued preventing King from having any contact with the victim. King pled nolo contendere to charges of assault in the first degree and refusal to submit to arrest on July 27, 2023; the prosecutor nolle prosequied the public intoxication and disorderly conduct charges; and the no contact order was extended.

On July 28, 2023, King was charged with violating the no contact order, obstructing governmental operations, and harassment in the Garland County District Court. *See State of Arkansas v. Ryan King*, HTC-23-4676. He was found guilty of all charges on October 30, 2023. That same day, King appealed his convictions to the Circuit Court. *See State of Arkansas v. Ryan King*, 26CR-23-823. Following a second trial, King was found guilty of violating a no contact order, but he was acquitted of the obstruction and harassment charges.

---

[1] Case information available at Search ARCourts, https://caseinfonew.arcourts.gov/opad (last accessed October 21, 2025).

2

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  The complaint must, however, still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     ANALYSIS

In *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), the United States Supreme Court held that a prisoner cannot file an action pursuant to Section 1983 for an allegedly unconstitutional

conviction or imprisonment absent a showing that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Stated simply, "[a] claim ... bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. Thus, only claims that, if successful, would not demonstrate the invalidity of an outstanding criminal judgment should be allowed to proceed. *Id*. at 486-87. Further, we note that the *Heck* doctrine is not limited to requests for money damages. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Rather, in determining whether *Heck* applies, district courts must "disregard the form of relief sought and instead look to the essence of the Plaintiff's claims." *Id.*

At the core of King's Section 1983 claim is the question of reasonable suspicion. He contends that the officers did not have reasonable suspicion to detain him, and as such, they could not charge him with obstruction of governmental activities. In his appeal to the Garland County Circuit Court, King filed a Motion to Suppress Evidence questioning whether the officers had reasonable suspicion to detain him. The Circuit Court held a hearing on said Motion, after which the Court found that Officers Morphew and Castaneda had reasonable suspicion to stop and investigate King. More specifically, the Court found that reasonable suspicion was established by the fact that the officers were responding to a call involving a violation of a no contact order, the purpose and nature of the no contact order, the identification of an individual matching the physical description of the alleged violator by the alleged victim, Officer Castaneda's knowledge of a prior assault case between the parties, and the effort of King to avoid identification or confrontation by the police.

4

Because the question of reasonable suspicion is at the heart of both King's state court appeal and his Section 1983 case, and the trial court concluded that reasonable suspicion existed for the officers to both detain and arrest King, a finding to the contrary by this Court would necessarily invalidate his conviction for Violating a No Contact Order. Therefore, despite that he was acquitted on the obstruction charge, his claim that the officers lacked reasonable suspicion to detain and arrest him is barred by *Heck*.

### IV.    CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's case be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of February 2026.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

5